# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

BENJAMIN JENKINS,                                Case No. 1:06cv245
        Plaintiff,

                                                 Dlott, J.
        vs

SIMON L. LEIS, JR., et al.,                      **ORDER**
        Defendants.


        Plaintiff, an inmate at the Hamilton County Justice Center (HCJC) in Cincinnati, Ohio,

brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights.

Defendants are Simon L. Leis, Jr., the Hamilton County, Ohio Sheriff, and Ms. Kelly, a records

clerk at the HCJC.  By separate Order issued this date, plaintiff has been granted leave to

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a

sua sponte review of the complaint to determine whether the complaint, or any portion of it,

should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief

may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See*

Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C.

§ 1915A(b).

        A complaint may be dismissed as frivolous when the plaintiff cannot make any claim

with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989);

*see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable

legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal

interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable factual

basis when the allegations are delusional or rise to the level of the irrational or "wholly

incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(1-2). A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff's complaint is difficult to decipher, but as best the Court can discern plaintiff alleges he is being unlawfully held at the HCJC on a stale and invalid 1993 arrest warrant. He states he was arrested on September 14, 2005 on a 1993 bench warrant from Boone County, Kentucky. On September 17, 2005, plaintiff was arrested on a Hamilton County warrant for theft and subsequently sentenced to 180 days in jail. After the expiration of his 180 day sentence, an extradition hearing was held on March 3, 2006. Plaintiff states that a case number, judge, attorney, and other paperwork have not been issued in connection with this hearing and he is unable to obtain information from defendant Kelly, the HCJC records clerk. Plaintiff states he is told "they are waiting for a governor warrant," but no further information is available. Plaintiff states his incarceration at the HCJC is unlawful and violates his constitutional rights. He seeks release from jail and $1,000 for each day he is incarcerated.

Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. To the extent plaintiff seeks relief in the form of an immediate or speedier release from imprisonment, his sole federal remedy is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state remedies. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Hadley v. Werner,* 753 F.2d 514 (6th Cir. 1985). To the extent plaintiff seeks damages, his cause of action is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). In general, a claim is not cognizable under § 1983 if a ruling on the claim would necessarily imply the

invalidity of a criminal conviction until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995). The rule in *Heck* has been extended to §1983 claims relating to pending pre-trial charges when a judgment in favor of the plaintiff would call into question any future conviction or sentence that might result from prosecution of the pending charges. *See Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397 (6th Cir.), *cert. denied*, 528 U.S. 1021 (1999). *See also Covington v. City of New York*, 171 F.3d 117, 124 (2d Cir.), *cert denied*, 120 S.Ct. 363 (1999); *Smith v. Holtz,* 87 F.3d 108, 113 (3d Cir.), *cert. denied*, 519 U.S. 1041 (1996). If civil claims are allowed while criminal cases are pending, "'there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit.'" *Id.* at 397-98, quoting *Smith*, 87 F.3d at 113. A criminal defendant must "focus on his primary mode of relief–mounting a viable defense to the charges against him– before turning to a civil claim under § 1983." *Id.* at 399. Thus, to establish a § 1983 claim where criminal charges are pending, as here, plaintiff must "show that a decision in his favor would not imply the invalidity of a future conviction." 182 F.3d at 398. *See also Schilling v. White*, 58 F.3d 1081 (6th Cir. 1995). Plaintiff has failed to do so in the instant case. A judgment in favor of plaintiff in this § 1983 action would call into question the validity of any future state court conviction and his continued confinement. *Heck*, 512 U.S. at 487. *See also Smith v. County of San Mateo*, 1999 WL 672318, *3 (N.D. Cal. 1999). Therefore, under the *Heck* doctrine, plaintiff's complaint fails to state a claim for relief under § 1983 and must be dismissed.

Accordingly, plaintiff's complaint is **DISMISSED** for failure to state a claim upon which

relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**


　S/Susan J. Dlott　　　　　
Susan J. Dlott
United States District Judge