UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN JENKINS, | : | Case No. 1:06-cv-245 |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| SHERIFF SIMON LEIS, JR., *et al.*, | : | |
| Defendants. | : | |

### REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION TO GRANT COMPLAINT (Doc. 6) AND MOTION TO SUPPLEMENT MATERIAL (Doc. 8) BE DENIED

Plaintiff initiated this action by filing a *pro se* complaint against Sheriff Simon Leis and Kelly Doe alleging that he was being unlawfully held at the Hamilton County Justice Center ("HCJC") in violation of his constitutional rights.  (*See* Doc. 1).  The action was dismissed on April 27, 2006 as frivolous or for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915(e)(2).  (Doc. 4).

On May 9, 2006 filed the instant Motion to Grant Complaint (Doc. 6) and, on May 19, 2006, the instant Motion [to] Supplement (Doc. 8).

When a party files a motion seeking reconsideration of a final order or judgment within ten days of entry, the court will generally construe the motion as one filed pursuant to Fed. R. Civ. P. 59(e).  *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002) (citing *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1047 (6th Cir. 2001), *cert.*

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

*denied*, 537 U.S. 813 (2002); *Vance ex rel. Hammons v. United States*, 90 F.3d 1145, 1148 n.2 (6th Cir. 1996)).  Because plaintiff filed his motion to grant the complaint and the motion to supplement within the ten day period, the motions should be construed as a combined motion to alter or amend judgment under Rule 59(e).

Rule 59(e) provides a procedure "for correcting manifest errors of law or fact or considering the import of newly discovered evidence." *Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997).  A motion under this rule may be granted in only three situations: (1) to accommodate an intervening change in controlling law; (2) to consider new evidence not previously available; or (3) to correct a clear error of law or to prevent a manifest injustice.  *See GenCorp., Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  Rule 59(e) may not be used to simply re-argue issues previously addressed by the Court.  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

In the Order of dismissal, the Court noted that plaintiff cannot bring a civil rights action challenging his confinement on pending criminal charges where a ruling on the claim would necessarily call into question the validity of a future conviction. (*See* Doc. 4 at 3.)  Plaintiff makes no claim that a change has occurred in controlling law or that evidence not previously available has now become available.  Moreover, he points to no "clear error of law" and fails to demonstrate a manifest injustice.  Rather, through his motion to supplement, plaintiff alleges that he was unlawfully transferred from HCJC to Boone County, Kentucky pursuant to an invalid Governor's warrant.  (*See* Doc. 8.)  He

states that, although he was arrested under the name "Benjamin Jenkins," the warrant was issued in the name "Ruben Morgan." (*See id*.) Allegations of misidentification were previously submitted to the Court as part of plaintiff's complaint. (*See* Doc. 3.)

Because plaintiff simply seeks to re-argue the matters previously presented to the Court, and has not demonstrated a "manifest injustice," relief pursuant to Rule 59(e) is not warranted.

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's Motion to Grant Complaint (Doc. 6) and Motion [to] Supplement (Doc. 8), construed as a combined motion for relief from judgment under Fed. R. Civ. P. 59(e), be **DENIED.**


Date:   6/26/06                             s/Timothy S. Black
                                            Timothy S. Black
                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN JENKINS, | : | Case No. 1:06-cv-245 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| SHERIFF SIMON LEIS, JR., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).